The Honorable Richard R. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HYNIX SEMICONDUCTOR INC.; HYNIX SEMICONDUCTOR AMERICA INC.; ELPIDA MEMORY, INC.; ELPIDA MEMORY (USA) INC.; ACER, INC.; ACER AMERICA CORP.; ADATA TECHNOLOGY CO., LTD.; ADATA TECHNOLOGY (U.S.A.) CO., LTD.; ASUSTEK COMPUTER INC.; ASUS COMPUTER INTERNATIONAL INC.; DELL, INC.; HEWLETT-PACKARD COMPANY; KINGSTON TECHNOLOGY CO., INC.; LOGITECH INTERNATIONAL S.A.; LOGITECH, INC.; PANTECH CO., LTD.; PANTECH WIRELESS, INC.; BEST BUY CO., INC.; WAL-MART STORES, INC.; NANYA TECHNOLOGY CORPORATION; NANYA TECHNOLOGY CORPORATION, USA <br><br> Defendants. | Civil Action No. 11-1145 <br><br> AMENDED COMPLAINT FOR PATENT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 1
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") (collectively, "Intellectual Ventures I and II"), by their undersigned attorneys, for their complaint against Defendants hereby allege the following:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce, through established distribution channels, with the knowledge and/or understanding that such products are used and sold in this District. These acts cause injury to Intellectual Ventures I and II within the District. On information and belief, Defendants derive substantial revenue from the sale of infringing products distributed within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce. In addition, Defendants knowingly induced, and continue to knowingly induce, infringement within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District and by creating and/or disseminating data sheets and other instruction materials for the products with like mind and intent.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PARTIES

4. Intellectual Ventures I is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located in Bellevue, Washington.

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 2
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

5. Intellectual Ventures II is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located in Bellevue. Washington.

6. Hynix Semiconductor, Inc. is a Korean corporation headquartered at San 136-1, Ami-Ri, Bubal-eup, Icheon-si, Gyeonggi-Do, 467-866, Korea.

7. Hynix Semiconductor America, Inc. is a California corporation with a principal place of business at 3101 North First St., San Jose, CA 95134.  Hynix Semiconductor America, Inc. is a wholly-owned subsidiary of Hynix Semiconductor, Inc.  Both entities collectively are referred to herein as "Hynix."

8. Elpida Memory, Inc. is a Japanese corporation with a principal place of business at Sumitomo Seimei Yaesu Building, 3rd Floor, 2-1 Yaesu 2-chome Chuo-ku, Tokyo, Japan.

9. Elpida Memory (USA) Inc. is a Delaware corporation with a principal place of business at 1175 Sonora Court, Sunnyvale, CA 94086.  Elpida Memory (USA) Inc. is a wholly owned subsidiary of Elpida Memory, Inc.  Both entities collectively are referred to herein as "Elpida."

10. Acer Inc. is a Taiwanese corporation with a principal place of business at 8F, 88, Sec. 1, Hsin Tai Wu Road., Hsichih, Taipei, Hsien 221, Taiwan, R.O.C.

11. Acer America Corp. is a California corporation with a principal place of business at 333 W. San Carlos Street, Suite 1500, San Jose, California 95110.  Acer America Corp. is a subsidiary of Acer Inc.  Both entities collectively are referred to herein as "Acer."

12. ADATA Technology Co., Ltd. is a Taiwanese corporation with a principal place of business at 2F, No. 258, Lian Cheng Road., Chung Ho District, New Taipei City, Taiwan, R.O.C.

13. ADATA Technology (U.S.A.) Co., Ltd. is a California corporation with a principal place of business at 17101 Gale Avenue, Hacienda Heights, California 91745.

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 3
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

ADATA Technology (U.S.A.) Co., Ltd. is a wholly-owned subsidiary of ADATA Technology Co., Ltd. Both entities collectively are referred to herein as "ADATA."

14. Asustek Computer Inc. is a Taiwanese corporation with a principal place of business at 4F, No. 15, Li The Road, Peitou District, Taipei 112, Taiwan R.O.C.

15. Asus Computer International Inc. is a California corporation with a principal place of business at 800 Corporate Way, Fremont, California 94539. Asus Computer International Inc. is a wholly-owned subsidiary of Asustek Computer Inc. Both entities collectively are referred to herein as "Asus."

16. Dell, Inc. ("Dell") is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682.

17. Hewlett-Packard Company ("HP") is a Delaware corporation with a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

18. Kingston Technology Co., Inc. ("Kingston") is a Delaware corporation with a principal place of business at 17600 Newhope Street, Fountain Valley, California 92708.

19. Logitech International S.A. is a Swiss corporation with a principal place of business at Moulin du Choc, CH-1122, Romanelsur-Morges, Vaud, Switzerland.

20. Logitech, Inc. is a California corporation with a principal place of business at 6505 Kaiser Drive, Fremont, California 94555. Logitech, Inc. is a wholly-owned subsidiary of Logitech International S.A. Both entities collectively are referred to herein as "Logitech."

21. Pantech Co., Ltd. is a Korean corporation with a principal place of business at 1-2, DMC Sangam-dom Mapo-gu, Seoul Korea.

22. Pantech Wireless, Inc. is a Georgia corporation with a principal place of business at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342. Pantech Wireless, Inc. is a wholly-owned subsidiary of Pantech Co., Ltd. Both entities collectively are referred to herein as "Pantech."

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 4
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

23. Best Buy Corp. ("Best Buy") is a Delaware corporation with a principal place of business at 7601 Penn Avenue S, Richfield, Minnesota 55423.

24. Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with a principal place of business at 708 SW 8th Street, Bentonville, Arkansas 72716.

25. Nanya Technology Corporation ("NTC") is a Taiwanese corporation with its principal place of business at Hwa Ya Technology Park, 669, Fu Hsing 3rd Rd., Kueishan, Taoyuan 333, Taiwan.

26. Nanya Technology Corporation, USA ("NTC USA") is a Delaware corporation with a principal place of business at 5104 Old Ironsides Dr., Suite 113, Santa Clara, CA 95054. NTC USA is a wholly-owned subsidiary of NTC. Both entities collectively are referred to herein as "Nanya."

## FACTUAL BACKGROUND

27. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions: and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the two plaintiffs in this case: Plaintiff Intellectual Ventures I and Plaintiff Intellectual Ventures II.

28. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors acting alone. To date. Intellectual Ventures has purchased more than 30,000 assets and in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 5
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

turn, has earned nearly $2 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

29.     Intellectual Ventures also creates inventions of its own.  Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world.  Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

30.     As part of the company's focus on finding solutions to the world's energy problems, inventors at Intellectual Ventures have also invented a new kind of nuclear reactor that produces significantly smaller amounts of nuclear waste than conventional nuclear reactors. Specifically, this new reactor turns depleted uranium—a waste material—into fuel.  Using waste material to run a nuclear reactor has the chance of reducing carbon emissions from the power industry significantly and at a relatively lower cost.  Expected to go online by 2020, the TerraPower project has received funding from outside investors and is the first official spin out from Intellectual Ventures.  Intellectual Ventures also has a team dedicated to creating new technologies to combat and track the spread of malaria, a disease that sickens or kills millions around the world every year.

31.     Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world.  For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas.

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 6
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP



LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 3000 inventors worldwide.

32. Hynix is one of the world's largest manufacturers of a semiconductor memory device called Dynamic Random Access Memory, or DRAM. DRAM is used as the main memory in personal computers, servers, and other electronic devices. The worldwide market for DRAM is enormous, with projected revenues of approximately $41 billion for 2010. For its part, Hynix has made and sold billions of dollars of DRAM, with projected revenues of approximately $8 billion for 2010. Hynix also makes and sells NAND Flash memory devices. NAND Flash memory typically is used in products such as MP3 players, mobile phones, and digital cameras. The worldwide market for NAND memory also is enormous, with projected revenues of approximately $20 billion for 2010. Hynix has made and sold hundreds of millions of dollars of Flash memory, with projected revenues of approximately $1.5 billion for 2010.

33. Beginning in 2008, Intellectual Ventures approached Hynix about taking a license to Intellectual Ventures' patents. In 2009 and 2010, Intellectual Ventures discussed many of its patents with Hynix, including patents asserted against Hynix in this complaint, in an effort to negotiate a license. Further, Intellectual Ventures explained to Hynix how Hynix was using Intellectual Ventures' patented inventions in its DRAM and Flash products. Despite Intellectual Ventures' good faith efforts to negotiate a business solution, Hynix has failed and refused to license Intellectual Ventures' patents on reasonable terms and continues to use those inventions without permission.

34. Like Hynix, Elpida is one of the world's largest manufacturers of DRAM. Elpida has made and sold billions of dollars worth of DRAM, with projected revenues of approximately $6 billion in 2010. Intellectual Ventures contacted Elpida in 2009 and, by early 2010, Intellectual Ventures approached Elpida about a license to Intellectual Ventures' patents. During the course of 2010, Intellectual Ventures made significant efforts to meet with Elpida, discuss



Intellectual Ventures' patents, and negotiate a license. Despite repeated requests from Intellectual Ventures for a meeting, Elpida repeatedly delayed. Finally, Intellectual Ventures and Elpida met in the fall of 2010, during which Intellectual Ventures discussed many of its patents with Elpida, including patents asserted against Elpida in this complaint. Further, Intellectual Ventures explained to Elpida how Elpida was using Intellectual Ventures' patented inventions in its DRAM products. Despite Intellectual Ventures' good faith efforts to negotiate a business solution. Elpida has failed and refused to license Intellectual Ventures' patents on reasonable terms and continues to use those inventions without permission.

35. Nanya is also one of the world's largest manufacturers of DRAM. Nanya has made and sold billions of dollars worth of DRAM, with revenues of approximately $1.713 billion in 2010. Intellectual Ventures discussed many of its patents with Nanya, including patents asserted against Nanya in this complaint. For example, in 2011, Intellectual Ventures made significant efforts to meet with Nanya, discuss Intellectual Ventures' patents, and negotiate a license. Intellectual Ventures explained to Nanya how Nanya was using Intellectual Ventures' patented inventions in its DRAM products. Despite Intellectual Ventures' good faith efforts to negotiate a business solution, Nanya has failed and refused to license Intellectual Ventures' patents on reasonable terms and continues to use those inventions without permission.

### THE PATENTS

36. Intellectual Ventures II is the owner of and owns all right, title, and interest to U.S. Patent No. 5,654,932, entitled, "Memory Devices With Selectable Access Type And Methods Using The Same," ("the '932 Patent") and has full rights to sue and recover damages for all past, present, and future infringements of the '932 Patent. The '932 Patent was duly and legally issued by the United States Patent and Trademark Office on August 5, 1997. A true and correct copy of the '932 Patent is attached as Exhibit A.

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 8
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

37. Intellectual Ventures I is the owner of and owns all right, title, and interest to U.S. Patent No. 5,963,481, entitled, "Embedded Enhanced DRAM, And Associated Method," ("the '481 Patent") and has full rights to sue and recover damages for all past, present, and future infringements of the '481 Patent. The '481 Patent was duly and legally issued by the United States Patent and Trademark Office on October 5, 1999. A true and correct copy of the '481 Patent is attached as Exhibit B.

38. Intellectual Ventures II is the owner of and owns all right, title, and interest to U.S. Patent No. 5,982,696, entitled, "Memories With Programmable Address Decoding And Systems And Methods Using The Same," ("the '696 Patent") and has full rights to sue and recover damages for all past, present, and future infringements of the '696 Patent. The '696 Patent was duly and legally issued by the United States Patent and Trademark Office on November 9, 1999. A true and correct copy of the '696 Patent is attached as Exhibit C.

39. Intellectual Ventures II is the owner of and owns all right, title, and interest to U.S. Patent No. 5,500,819, entitled, "Circuits, Systems And Methods For Improving Page Accesses And Block Transfers In A Memory System," ("the '819 Patent") and has full rights to sue and recover damages for all past, present, and future infringements of the '819 Patent. The '819 Patent was duly and legally issued by the United States Patent and Trademark Office on March 19, 1996. A true and correct copy of the '819 Patent is attached as Exhibit D.

40. Intellectual Ventures II is the owner of and owns all right, title, and interest to U.S. Patent No. 5,687,132, entitled, "Multiple-Bank Memory Architecture And Systems And Methods Using The Same," ("the '132 Patent") and has full rights to sue and recover damages for all past, present, and future infringements of the '132 Patent. The '132 Patent was duly and legally issued by the United States Patent and Trademark Office on November 11, 1997. A true and correct copy of the '132 Patent is attached as Exhibit E.

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 9
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## COUNT 1:

**(Infringement of the '932 Patent Against all Defendants)**

41. Intellectual Ventures II incorporates by reference and realleges paragraphs 1 through 40 above as though fully restated herein.

42. On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '932 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, DRAM products (DDR3), including without limitation (with respect to Hynix) products bearing part numbers H5TQ1G83BFR and HMT112U6BFR8C-H9; (with respect to Elpida) products bearing part numbers EBJ21UE8BFU0-DJ-F, EBJ21UE8BFU1-DJ-F, J1108BFBG-DJ-F, and EDJ1108BBSE; and (with respect to Nanya) NT5CB128M8CN-CG.  Hynix, Nanya, and Elpida are liable for their infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

43. On information and belief, Hynix, Nanya, and Elpida have induced, and continue to induce, others to infringe one or more claims of the '932 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

44. On information and belief, Hynix, Nanya, and Elpida have contributorily infringed, and continue to contributorily infringe, the '932 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '932 Patent, that are known by Hynix, Nanya, and Elpida to be specially made or specially adapted for use in infringement of one or more of the claims of the



'932 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

45. Hynix, Nanya, and Elpida have been put on notice of the '932 Patent and its infringement thereof before the filing of this Complaint.

46. Hynix, Nanya, and Elpida have had actual and constructive knowledge of the '932 Patent.

47. Other Defendants have infringed the '932 Patent by making, selling, or offering for sale one or more products incorporating infringing devices manufactured by Hynix, Nanya, or Elpida.

48. Pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

49. Defendants' infringement of the '932 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to treble damages.

50. Intellectual Ventures II has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

51. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures II is entitled to an award of attorneys' fees.

## COUNT 2:

**(Infringement of the '481 Patent Against all Defendants)**

52. Intellectual Ventures I incorporates by reference and realleges paragraphs 1 through 40 above as though fully restated herein.

53. On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the ''481 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, DRAM products (DDR2, DDR3 and

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 11
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

GDDR4), including without limitation (with respect to Hynix) products bearing part numbers H5PS1G83EFR, HY5PS12821B, HY5PS1G1631C, HY5PS1G831C, HYMP112S64CP6-S6AB-C, HYMP125U64CP8-S6 AB, H5TQ1G83BFR, HMT112U6BFR8C-H9 and HY5FS123235A; (with respect to Elpida) products bearing part numbers E1108AFSE-8E-F, EDE2104ABSE, EBJ21UE8BFU0-DJ-F, EBJ21UE8BFU1-DJ-F, J1108BFBG-DJ-F, and EDJ1108BBSE; and (with respect to Nanya) NT5CB128M8CN-CG. Hynix, Nanya, and Elpida are liable for their infringement of the '481 Patent pursuant to 35 U.S.C. § 271.

54. On information and belief, Hynix, Nanya, and Elpida have induced, and continue to induce, others to infringe one or more claims of the '481 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

55. On information and belief, Hynix, Nanya, and Elpida have contributorily infringed, and continue to contributorily infringe, the '481 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '481 Patent, that are known by Hynix, Nanya, and Elpida to be specially made or specially adapted for use in infringement of one or more of the claims of the '481 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

56. Hynix, Nanya, and Elpida have been put on notice of the '481 Patent and its infringement thereof before the filing of this Complaint.

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 12
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

57. Hynix, Nanya, and Elpida have had actual and constructive knowledge of the '481 Patent.

58. Other Defendants have infringed the '481 Patent by making, selling, or offering for sale one or more products incorporating infringing devices manufactured by Hynix, Nanya, or Elpida.

59. Pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

60. Defendants' infringement of the '481 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to treble damages.

61. Intellectual Ventures I has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

62. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures I is entitled to an award of attorneys' fees.

## COUNT 3:

**(Infringement of the '696 Patent Against all Defendants)**

63. Intellectual Ventures II incorporates by reference and realleges paragraphs 1 through 40 above as though fully restated herein.

64. On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '696 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, DRAM products (DDR3), including without limitation (with respect to Hynix) products bearing part numbers H5TQ1G83BFR and HMT112U6BFR8C-H9; (with respect to Elpida) products bearing part numbers EBJ21UE8BFU0-DJ-F, EBJ21UE8BFU1-DJ-F, J1108BFBG-DJ-F, and EDJ1108BBSE; and

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 13
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1. (with respect to Nanya) NT5CB128M8CN-CG.  Hynix, Nanya, and Elpida are liable for their infringement of the '696 Patent pursuant to 35 U.S.C. § 271.

65. On information and belief, Hynix, Nanya, and Elpida have induced, and continue to induce, others to infringe one or more claims of the '696 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

66. On information and belief, Hynix, Nanya, and Elpida have contributorily infringed, and continue to contributorily infringe, the '696 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '696 Patent, that are known by Hynix, Nanya, and Elpida to be specially made or specially adapted for use in infringement of one or more of the claims of the '696 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

67. Hynix, Nanya, and Elpida have been put on notice of the '696 Patent and its infringement thereof before the filing of this Complaint.

68. Hynix, Nanya, and Elpida have had actual and constructive knowledge of the '696 Patent.

69. Other Defendants have infringed the '696 Patent by making, selling, or offering for sale one or more products incorporating infringing devices manufactured by Hynix, Nanya, or Elpida.

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 14
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

70. Pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

71. Defendants' infringement of the '696 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to treble damages.

72. Intellectual Ventures II has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

73. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures II is entitled to an award of attorneys' fees.

## COUNT 4:

### (Infringement of the '819 Patent Against all Defendants but Elpida and Nanya)

74. Intellectual Ventures II incorporates by reference and realleges paragraphs 1 through 40 above as though fully restated herein.

75. On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '819 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, NAND Flash products, including without limitation Hynix products bearing part numbers H27UBG8T2A and H27UBG8T2ATR-BC. Hynix is liable for its infringement of the '819 Patent pursuant to 35 U.S.C. § 271.

76. On information and belief, Hynix has induced, and continues to induce, others to infringe one or more claims of the '819 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 15
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

77. On information and belief, Hynix has contributorily infringed, and continues to contributorily infringe, the '819 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '819 Patent, that are known by Hynix to be specially made or specially adapted for use in infringement of one or more of the claims of the '819 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

78. Hynix has been put on notice of the '819 Patent and its infringement thereof before the filing of this Complaint.

79. Hynix has had actual and constructive knowledge of the '819 Patent.

80. Other Defendants have infringed the '819 Patent by making, selling, or offering for sale one or more products incorporating infringing devices manufactured by Hynix.

81. Pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

82. Defendants' infringement of the '819 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to treble damages.

83. Intellectual Ventures II has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

84. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures II is entitled to an award of attorneys' fees.

## COUNT 4:

**(Infringement of the '132 Patent Against all Defendants but Elpida and Nanya)**

85. Intellectual Ventures II incorporates by reference and realleges paragraphs 1 through 40 above as though fully restated herein.

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 16
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

86. On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '132 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, NAND Flash products, including without limitation Hynix products bearing part numbers H27UBG8T2A and H27UBG8T2ATR-BC. Hynix is liable for its infringement of the '132 Patent pursuant to 35 U.S.C. § 271.

87. On information and belief, Hynix has induced, and continues to induce, others to infringe one or more claims of the '132 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

88. On information and belief, Hynix has contributorily infringed, and continues to contributorily infringe, the '132 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '132 Patent, that are known by Hynix to be specially made or specially adapted for use in infringement of one or more of the claims of the '132 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

89. Hynix has been put on notice of the '132 Patent and its infringement thereof before the filing of this Complaint.

90. Hynix has had actual and constructive knowledge of the '132 Patent.

91. Other Defendants have infringed the '132 Patent by making, selling, or offering for sale one or more products incorporating infringing devices manufactured by Hynix.

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 17
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

92. Pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

93. Defendants' infringement of the '132 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to treble damages.

94. Intellectual Ventures II has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

95. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures II is entitled to an award of attorneys' fees.

### REQUESTED RELIEF

Intellectual Ventures I and II request that the Court:

1. Enter judgment that Hynix has infringed, induced others to infringe, and/or contributorily infringed each of the '932, '481, '696, '819 and '132 patents;

2. Enter judgment that Elpida has infringed, induced others to infringe, and/or contributorily infringed each of the '932, '481, and '696 patents;

3. Enter judgment that Nanya has infringed, induced others to infringe, and/or contributorily infringed each of the '932, '481, and '696 patents;

4. Enter judgment that each remaining defendant has infringed each of the '932, '481, '696, '819 and '132 patents.

5. Permanently enjoin Hynix from further infringement of each of the '932, '481, '696, '819 and '132 patents;

6. Permanently enjoin Elpida from further infringement of each of the '932, '481, and '696 patents;

7. Permanently enjoin Nanya from further infringement of each of the '932, '481, and '696 patents;

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 18
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

8. Permanently enjoin each remaining defendant from further infringement of each of the '932, '481, '696, '819 and '132 patents;

9. Award Intellectual Ventures I and II damages pursuant to 35 U.S.C § 284;

10. Order an accounting of damages from Defendants' infringement;

11. Award Intellectual Ventures I and II enhanced damages, up to and including trebling the damages awarded to Intellectual Ventures I and II pursuant to 35 U.S.C. § 284 for Defendants' willful infringement;

12. Award Intellectual Ventures I and II their costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law; and

13. Award Intellectual Ventures I and II such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Intellectual Ventures I and Intellectual Ventures II demand trial by jury for all issues that are triable to a jury.

AMENDED COMPLAINT FOR PATENT INFRINGEMENT - 19
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

RESPECTFULLY SUBMITTED this 12th day of August, 2011.

LOWE GRAHAM JONES PLLC

s/Lawrence D. Graham
Lawrence D. Graham, WSBA No. 25,402
 Email: graham@LoweGrahamJones.com
Ellen M. Bierman, WSBA No. 23,224
 Email: bierman@LoweGrahamJones.com
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Brian Ledahl (*Pro Hac Vice*)
Elliot Brown (*Pro Hac Vice*)
Benjamin W. Hattenbach (*Pro Hac Vice*)
Ellisen S. Turner (*Pro Hac Vice*)
Brian Ledahl (*Pro Hac Vice*)
Gunnar B. Gundersen (*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310.277.1010
F: 310.203.7199

Attorneys for Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC.

AMENDED COMPLAINT FOR PATENT
INFRINGEMENT - 20
Civil Action No. 11-1145
INVT-6-1001P07AMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301